# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Shalonda Dansby,

      Plaintiff,

v.

JPMorgan Chase Bank

      Defendants.

Case No.:

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's repeated, unauthorized calls to Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act ("TCPA").

## PARTIES

1. Plaintiff, Shalonda Dansby, is natural person who resides in Fulton County, Georgia.

2. Plaintiff is the subscriber for the cellular telephone with the number 678-***-0156.

3. Defendant, JPMorgan Chase Bank (hereinafter "Chase") does business in Georgia.

## JURISDICTION AND VENUE

4. Because this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, jurisdiction of this Court arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. In or about October 13, 2013, Plaintiff began receiving calls on her cellular telephone, phone number 678-***-0156, from Defendant for the purposes of collecting an alleged debt.

7. For approximately five weeks thereafter and through November 15, 2013, Plaintiff received 119 similar calls from Defendant.

8. Over thirty of these calls were placed to the Plaintiff after 10:00pm. It was the intent of the Defendant to intimidate and harass the Plaintiff into paying the alleged debt.

9. A call log referencing the calls made by the Defendant to the Plaintiff's cell phone is attached hereto as Exhibit A.

10. When she answered calls from Defendant, she heard pauses and/or clicks and frequently recorded information at the beginning of the calls.

11. Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

12. Plaintiff never provided consent for Defendant to call her on her cell phone.

13. To the extent Plaintiff provided consent for Defendant to call her on her cell phone, Plaintiff explicitly revoked that consent.

14. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

15. Defendant's calls to Plaintiff had no emergency purpose.

16. Upon information and belief, frequent, authorized phone calls are Defendant's modus operandi for collecting accounts.

17. Plaintiff was unable to avoid or escape the Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's phone.

18. Plaintiff carries her cell phone at most times to be accessible to her family, friends and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends and work activity.

19. Defendant knew or should have known that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were therefore willful violations.

20. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

21. As a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff is eligible for statutory damages.

22. Also as a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff suffered actual damages, including the consumption of "minutes" in his cellular plan thus requiring her to pay for the calls, emotional distress in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227(b)(1)(A)(iii)

24. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

25. Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer.

26. As a result of Defendant's violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions were willful and/or knowing, rendering it liable for punitive damages and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

   a.) Punitive and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each non-consensual phone call;

   b.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of March, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

        matt@mattberry.com

        */s/ Paul J. Sieg*
        Plaintiff's Attorney
        Paul J. Sieg, Bar No.: 334182
        Berry & Associates
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3305
        Fax (404) 235-3333
        psieg@mattberry.com